Monday December 5, 2016

Dear, Court clerk and Honorable Magistrate Judge Linda Anderson

This is Re: Cause No. 3:09 CR 0096 DCB-LA my court date is sometime after 1-09-2017.

My name is Mark Randall Jones

Please assist me in stopping any more delays in this case.

Problem:

I've had trouble with my Attorneys and the prosecution getting discovery from the onset of this case Sept. 17, 2015.

These enclosed emails chronicle some of my efforts. But there have been numerous phone calls, other emails and attorney visits regarding these issues.
   I also have ask my attorney to envoke the use of Title 18 section 3500 and Jencks acts to obtain additional discovery about witnesses who testified under direct examination in my co-defendant(s) Derrick Beals trial in November 2010 under my same case number.

All these efforts have not produce any official agent or inspector reports, incident reports or notes involving this case from the prosecution
   These items along with other request are essential for preparing for trial and pretrial motion I have been trying to file for 9 mths.

Solution:

Please all these items subject to Title 18 section 3500, Jencks act and other discovery be acquired through suppeona as soon as possible from prospective departments in custody of them.

Respectfully submitted

Mark Jones

[FILED DEC 14 2016 SOUTHERN DISTRICT OF MISSISSIPPI BY ARTHUR JOHNSTON DEPUTY]



# USA vs Mark Jones 068751

From Mark Jones



Sat 11/28/2015 10:47 PM   *over 1 yr ago*

To: colettelawms@gmail.com <colettelawms@gmail.com>;

Dear John,

Good day to you, I hope you had a blessed holiday.

I have read over transcripts from Derrick Beals case. Co Defendant (5k.1) Pedro Phillips stated he knew nothing of Mark Jones or any California involvement. Derrick Beals did not take the stand.
As far as my discovery is concerned, I would like it to be sent in digital form to this email or in CD or in paper form to a family member in Los Angeles.
Let me Know.

*John colette did not get all Returns from california search Warrants. Returns?*

However, at this time, I would like to see search warrants from California. Before and (after search to see what was taken and allowed to be taken) Starting with (private mailboxes,) residences, bank accounts, storage facilities, etc.. Please send them to this email. There were search warrant violations and perhaps they can be leverage.

Also, regarding witness, do you have any updates on them? I have a private investigator that will research their status as well. I would like to know the name of the employee of the private mailbox company that rented a mailbox to Jeffery Anderson on Wilshire Blvd. in Los Angeles and inquire if they will be available to be a witness for the prosecution.

John, have you got any information on post office video? Because I will look into that also. Let Me know.

As far as the addresses of mine and family, my mom lives, and still lives, one and a half miles from the Jefferson property that was searched. I have photos of being at my moms every year since 2008. The police have never been there to inquire about my whereabouts. I had the properties I owned and lived in them well over a year after 2008 until they were foreclosed on. The police never came by them either. I then had a residence in my name Mark Jones until July 2013.
John, I hope these things can weaken their case and lower their presumption. then after our research I would like to go in for a bail hearing.

Best regards,
Mark

# Re: USA VS. MARK JONES

**John**

Sat 12/12/2015 12:08 PM

To: ~~emma jhonson~~ <mj20089@outlook.com>;

*Mark Jones* (signature)

I will visit soon you should have my last letter

Sent from my iPhone

On Dec 11, 2015, at 10:02 PM, emma jhonson <mj20089@outlook.com> wrote:

> Hello John,
>
> Good day to you.
> When you come see me could you please bring the discovery and all the search warrants from the case.
>
> Thank you,
> Mark

# Re: US VS MARK JONES

## John

Mon 12/7/2015 10:23 PM

To: ~~emma jhonson~~ Mark Jones <mj20089@outlook.com>;

Usually in am

Sent from my iPhone

On Dec 7, 2015, at 4:21 PM, emma jhonson <mj20089@outlook.com> wrote:

> Good afternoon John,
>
> Many blessings to you and yours.
> I was inquiring when I may be hearing from you again regarding my previous emails?
> IF you prefer a phone call please let me know a good time to reach you as soon as possible.
>
> Thanks,
> Mark Jones

# Mark Jones and Erin Chaulk

Email From: Mark Jones

~~[struck]~~ AUSA Erin Chalk told new attorney Sanford Knott that —
Sat 5/28/2016 9:09 PM — Attorney Sibyl Byrd did not request any records or reports
Inbox   from prosecution. Attorney Knott asked this in Aug. 2016.

To: scb@mcdufflaw.com <scb@mcdufflaw.com>;

Dear honorable attorney
Sibyl C. Byrd,   Panel Attorney
   This is Mark Jones case NO. 3;09CR96HTWLRA, good day to you. I'm sending you this email to respectfully request that, before your last day in office next week, if would please consider contacting the records department at M.B.N. directly with a duces tecum subpoena (or whatever subpoena is needed) regarding the daily reports of M.B.N. agent Geoffrey Still from June 5th-11th of 2008. And to NOT contact the prosecutor Erin Chaulk. Because on page 299 lines 1-10 of the transcripts of my co-defendants case (please review for your opinion), The evidence that was from the prosecutions file that was presented by the defense, was NOT allowed in by the judge because there was no authenticating witness. We will need the authenticating witness anyway, so perhaps we should get the documents from the source.. the records department at M.B.N. or wherever they direct us for agent Stills daily reports. At that time we can obtain information on who to subpoena as an authenticating witness. ~~[redacted]~~ exactly what we are attempting to get from the dailys, and I do not want the ~~[redacted]~~
the ~~[redacted]~~ we can put ~~[redacted]~~

Also attorney Byrd, please get from the court clerk, all the photos that were filed into evidence in my co-defendants case because we can use a lot of it. Attorney Byrd, if these couple of things can be completed in the next few weeks, then when I see you, we can discuss the possible motions that can be filed. Oh yeah, please email me when you get the new court date and deadline for motions. I know the date as of now is July 6th 2016. One more thing, if there is any way you can get an approval from the Magistrate judge for ME to have any part of my discovery, I can review it while I wait to see you again.

Thank you in advance.
God Bless,
Best regards,
Mark Jones

Did Attorney Byrd ask AUSA Chalk for these reports?

# *MARK R. JONES*


From Mark Jones

Sat 6/11/2016 11:06 PM

To: scb@mcdufflaw.com <scb@mcdufflaw.com>;

Dear Attorney Sibyl Byrd,

I hope everything is progressing well regarding your husband and his his surgery, however, I am concerned you are not getting my emails. If so, please acknowledge that you are, and please let me know the new court date. This is essentially what I'm worried about at this time. Also, I read in the federal rules of procedure rule 17 (c) .. something I'm sure your aware of, regarding the ex parte duces tecum subpoena. This is something I would like to do for the subpoena of the daily records of the dates between: June 5th-11th of 2008 for M.B.M. agent Geoffrey Still, postal inspector Robert Kay, postal inspector Dominique Riley, and the whereabouts of K9 Rudy between those dates. I would like to have these daily report files in their original digital format in which they were created if possible. In addition I would like you to find out what department gets copies of these reports.

Again please acknowledge that you are receiving my emails, and let me know a time you will be availabe to correspond.

Good bless,
Mark Jones

Mark Jones

Tue 10/18/2016 6:14 PM

Sent Items

To: knottlaw@bellsouth.net <knottlaw@bellsouth.net>;

Dear Honorable Attorney Knott,
Good day to you.

Because of contradicting statements, and documents presented in co-defendant Beals trial, (i.e. Search warrant returns for priority boxs have conflicting dates"June 6th and 9th") Agent Still's sworn court testimony stating June 5th 08' for search of same boxs. (p.g 166, lines 20-25; p.g. 167, lines 1-5 of transcript from Beals trial) Exhibit G22b G22c partial line up sheet, search date June 5th and 6th. We would like ti use statue title 18 section 3500 and Jenks act to get the authority from court to request from MBN and Post master general, all info regarding Agent Geoffry Still and K9 Rudy and all info on post master general regarding inspector Kay, and Norbert Jaworowski from dates June 4th-11th 2008. Namely,

1. All days and hours on duty june 5-11 2008 of agent Still and k9Rudy at MBN and the location of specifiically which MBN.
2. Record of vehicle and equipment that were checked out or checked in by agent Still and k9 between june 5-11 2008.
3. All incident reports and photos including date and time photos that were submitted to supervisor orMBN between June 5-11 2008.
4. All and any notes of agent STill as case agent for case involving Mark Jones or defendants.
5. Agent Stills 28 day report encompassing date if june 5-11 2008
6. Daily Diary of STill June 5-11 2008
7. All reports, photos, or info about k9 Rudy June 5-11 2008
8. Any emails between agent Still, inspector Kay, and Norbert J. june 4-11 2008
9. Record of all phone calls between Still, inspector Kay and Norbert J. June 4-11 2008
10. All available info from MBN about june 5-11 2008.

we also need information from Post master General or custodian of records at post office regarding inspector Norbert Jaworowski
1. Days and hours on duty june 4-11 2008 of inspector Kay and Norbert J.
2. All incident reports and photos including date and time photos that were submitted june 4-11 2008
3. All notes of inspector Kay and Norbert j. for case involving Mark Jones of defendants
4. Any reports (daily/monthly) submitted June - august 2008 regarding this case from Kay and Norbert
5. Any statements from or reports about Jessica Sullivan june 5-11 2008

Also attorney Knott, in Erin Chaulks email she said agent Still didnt have his daily reports anymore now she says she doesnt even know where he is. Whats the truth?!

I will call later to confirm you received this email.

**Mark Jones**

Tue 11/15/2016 10:01 PM

To: knottlaw@bellsouth.net <knottlaw@bellsouth.net>;

Attorney Knott,
I do not want to keep going back and forth with her any more. Please Fwd these requests to Erin Chaulk even if you think they are redundant. If she <u>fails deliver these items</u> and others we will ask the judge to subpoena them for us. Thank you.

1. All days and hours on duty june 5-11th, 2008 of agent Still and k9Rudy at MBN and the location of specifically which MBN.
2. Record of vehicle and equipment that were checked out or checked in by agent Still and k9 between june 5-11th 2008.
3. All incident reports and photos including date and time photos that were submitted to supervisor or MBN between June 5-11th 2008.
4. All and any notes of agent STill as case agent for case involving Mark Jones or defendants.
5. All reports, photos, or info about k9 Rudy June 5-11th 2008
6. Days and hours on duty june 4-11th 2008 of inspector Kay and Norbert J.
7. All incident reports and photos including date and time photos that were submitted june 4-11th 2008
8. All notes of inspector Kay and Norbert j. for case involving Mark Jones of defendants
9. Any reports (daily/monthly) submitted June - august 2008 regarding this case from Kay and Norbert
10. Documents or search warrant and (return) on seizure of $142,000 that was in bank of america accounts of Mark Jones on June 13th 2008
11. Search warrants and returns of 4041 Radford apartment #111 Studio City CA on September 1st 2015 I believe there were 3.
12. Search warrants and (RETURNS) for mail receiving locations 4401 Slauson ave #106 in Los Angeles June 12th 2008 and 6245 Bristol parkway #425 in Culver City June 12 2008 and 6230 Wilshire Blvd in Los Angeles June 16th 2008

I do not want to take a plea.
Please notify me when you have sent the email to Erin Chaulk requesting these items.

Thank You,
respectfully submitted
Mark Jones

# Time is of the essence

## Mark Jones

Tue 11/22/2016 9:03 PM

To: knottlaw@bellsouth.net <knottlaw@bellsouth.net>;

Dear Honorable Attorney Knott,
Good day to you,
Thank you for your visit monday night. Attorney Knott, to be frank, I feel time is running out for us. So please make sure the additional requests are emailed to Erin Chaulk today with CC to me. Also, please inquire about her progress on the 28day report from M.B.N. Attorney Knott, by mid next week if AUSA Chaulk has not given us our request, I want you to send a request to the magestrate judge to have the items aquired through subpoenas.
Attorney Knott, my patients has ran out regarding this. If you are too busy to send email, I will be forced to break protocall and send it to AUSA Chaulk tomorrow myself. Also, I will send a letter to the judge to request a hearing regarding these matters, because I do not want our deadlines to expire for dispositives. Please understand my disposition!

Respectfully submitted,
Mark Jones

# U.S.A V.S. MARK JONES

*To: AUSA Chalk*

**Mark Jones**

Wed 11/23/2016 8:25 PM

To: Erin.Chalk@usdoj.gov <Erin.Chalk@usdoj.gov>;

RE: U.S.A MARK JONES CAUSE#3:09R96DCB-LA

Dear Honorable Erin Chalk,

These are additional requests for discovery information.

1. All days and hours on duty June 5-11th, 2008 of agent Still and k9Rudy at MBN and the location of specifically which MBN.
2. Record of vehicle and equipment that were checked out or checked in by agent Still and k9 between June 5-11th 2008.
3. All incident reports and photos including date and time photos that were submitted to supervisor or MBN between June 5-11th 2008.
4. All and any notes of agent Still as case agent for case involving Mark Jones or defendants.
5. All reports, photos, or info about k9 Rudy June 5-11th 2008
6. Days and hours on duty june 4-11th 2008 of inspector Kay and Norbert Jaworowski.
7. All incident reports and photos including date and time photos that were submitted June 4-11th 2008  *We have not received any offical reports from Departments*
8. All notes of inspector Kay and Norbert Jaworowski. for case involving Mark Jones of defendants
9. Any reports (daily/monthly) submitted June - august 2008 regarding this case from Kay and Norbert
10. Documents or search warrant and return on seizure of $142,000 that was in bank of america accounts of Mark Jones on June 13th 2008
11. Search warrants and returns of 4041 Radford apartment #111 Studio City CA on September 1st 2015 I believe there were 3.
12. Search warrants and RETURNS for mail receiving locations 4401 Slauson ave #106 in Los Angeles June 12th 2008 and 6245 Bristol parkway #425 in Culver City June 12 2008 and 6230 Wilshire Blvd in Los Angeles June 16th 2008. *We have not received these returns.*

Also, are there are any updates on agent Still's 28Day report?  *No 28 day report*

Respectfully Submitted,
Mark Jones

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | )  Case No. |
|  | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: | Date and Time: |
|---|---|
|  |  |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who requests this subpoena, are:

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No. 

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                                *Server's signature*

                                                         _____
                                                              *Printed name and title*

                                                         _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | )  Case No. |
|  | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

_____
*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: | Date and Time: |
|---|---|
|  |  |

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

   *(SEAL)*

Date: _____

                                                       CLERK OF COURT

                                                       _____
                                                       *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who requests this subpoena, are:

**Notice to those who use this form to request a subpoena**
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. _____

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: | Date and Time: |
|---|---|
|  |  |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who requests this subpoena, are:

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:09-cr-00096-DCB-LRA   Document 148   Filed 12/14/16   Page 19 of 20

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Mark Randall Jones —068751
Madison County Detention Center
2935 Hwy 51 south
Canton Ms. 39046

Court Clerk
501 E Court St
Jackson Ms. 39201

JACKSON MS FRDC 392
TUE 06 DEC 2016 PM