IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 3:09-cr-96-DCB-LRA-1

MARK RANDALL JONES

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Mark Randall Jones' Motion for Acquittal (docket entry 200), Motion for New Trial (docket entry 201), and Motion for Arresting Judgment (docket entry 202). Having carefully reviewed the motions, responses, and applicable law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Facts & Procedural History

In a two-count indictment filed in 2009, Defendant Mark Randall Jones was charged with (1) conspiracy to possess with intent to distribute more than five kilograms of cocaine hydrochloride and (2) possession with intent to distribute more than 500 grams of cocaine hydrochloride. Following a three-day jury trial on March 29, 2017, Jones was found guilty as to both counts. On April 10, 2017, Jones filed three post-trial motions seeking a judgment of acquittal, a new trial, and an arrest of the judgment. Jones' Notice of Appeal followed shortly thereafter.

II. Discussion

*A. Motions for Judgment of Acquittal and New Trial*

1

Under Federal Rule of Criminal Procedure 29, the Court must set aside a jury verdict and enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction" of the offenses charged in the indictment. Fed. R. Crim. P. 29(a), (c). When reviewing a Rule 29 motion, the Court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." U.S. v. Mix, 791 F.3d 603, 612 (5th Cir. 2015); see U.S. v. Beacham, 774 F.3d 267, 272 (5th Cir. 2014) (review of the sufficiency of the evidence is "highly deferential to the verdict"); U.S. v. Bates, 850 F.3d 807, 810 (5th Cir. 2017) ("the mere presence of some conflicting evidence in the record does not render a jury verdict improper"). "[Q]uestions as to the weight of the evidence or the credibility of witnesses [are] foreclosed by the jury's verdict." U.S. v. Curtis, 2014 WL 4370675, *1 (S.D. Miss. Sept. 2, 2014).

Motions for new trial are governed by Rule 33, which allows the Court to vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unlike a motion for judgment of acquittal, the Court may weigh the evidence and assess the credibility of witnesses when considering a motion for new trial. U.S. v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing Tibbs v. Florida, 457 U.S. 31, 37-38

2

(1982)). While motions for new trial are reviewed under a more lenient standard than motions for judgment of acquittal, such motions are generally disfavored and "must be reviewed with great caution." U.S. v. Smith, 804 F.3d 724, 734 (5th Cir. 2015). The Court "should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of the evidence preponderates against the verdict." U.S. v. Wall, 389 F.3d 457, 466 (5th Cir. 2004). A new trial is granted "only upon demonstration of adverse effects on substantial rights of [the] defendant. U.S. v. Rasco, 123 F.3d 222, 228 (5th Cir. 1997).

Jones first raised his *ore tenus* Rule 29 Motion at the close of the Government's case-in-chief. At that time, the defendant urged the Court to enter a judgment of acquittal for the following reasons: (1) the postal inspector lacked reasonable suspicion to seize packages mailed by the defendant; (2) the narcotics seized in this case were destroyed prior to trial; (3) the admission of evidence recovered in California was improper under Federal Rule of Evidence 403 and 404(b); (4) the admission of evidence recovered from a Flowood, Mississippi apartment was improper under Rule 403 and 404(b); (5) the evidence recovered in California and Mississippi was beyond the scope of the indictment and should have been suppressed; (6) the evidence recovered in California and Mississippi should have been excluded because the search warrant returns failed to comply with Rule 41; and (7) the Government

3

presented insufficient proof to establish that the packages in Mississippi were searched after, rather than before, search warrants were obtained.[1] The Court denied the defendant's Rule 29 motion, and Jones subsequently took the stand to testify in his own defense.

In his renewed Rule 29 motion, Jones reasserts the arguments advanced in his earlier motions and maintains that the evidence presented at trial was insufficient to sustain a conviction as to either charge. Additionally, Jones contends that the Court erred by overruling his objections to certain hearsay testimony and jury instructions. The defendant's motion for new trial is premised on the same arguments contained in his renewed motion for judgment of acquittal. Many of the issues raised in Jones' post-trial motions have been addressed on the record. Nevertheless, the Court will supplement its record findings by revisiting each argument briefly in the context of Rule 29 and Rule 33.

### 1. Search and Seizure of Mailed Packages

Norbert Jaworowski, a United States Postal Inspector Service employee, testified that he saw Mark Randall Jones enter a post office in Los Angeles, California on or about June 4, 2008, where he placed two packages in the wall chute for mailing. The sender's

---

[1] Jones also raised each of these arguments prior to trial in his motion to dismiss, motions to suppress, and motions to exclude evidence. See Docs. 164, 165, 170, 175, 176, 186. After hearing oral argument as to these issues, the Court denied the defendant's pretrial motions.

name on the packages was listed as "Delilah S. Maddox, YMI, Inc.," and both packages were labeled with a Jackson, Mississippi return address. Both packages were addressed to "Mr. Horace Hampton, RAMTEC SERVER," but the boxes listed different addresses for the intended recipient. One package was addressed to a location in Clinton, Mississippi and the other to a location in Flowood, Mississippi. The sender and recipient names were eventually determined to be fraudulent. After identifying the packages and Jones' behavior as suspicious, Jaworowski seized the boxes, which were later searched and found to contain cocaine hydrochloride. After considering the totality of the circumstances giving rise to Jaworowski's suspicion, in light of the Postal Service's "drug package profile" and the agent's years of training and experience working in narcotics investigations, the Court concluded that Jaworowski's initial seizure was supported by reasonable suspicion.

As to the subsequent search, there was testimony that agents conducted a controlled dog search of the packages after they arrived in Jackson, Mississippi. Agents testified that the drug sniffing dog alerted to both packages on June 5 and that they opened the boxes on June 6 after obtaining search warrants. The defense challenged this testimony by pointing to conflicting entries in the agents' daily work logs and accompanying warrant returns. Nonetheless, the agents offered explanations for the

5

discrepancies in the dates recorded, and the Court was satisfied that the packages were opened after proper warrants were obtained. Moreover, the Court was unconvinced that, based on the evidence, any errors in the warrant returns were intentional or deliberate.[2]

Having previously denied Jones' motion to suppress as to these issues, the Court again concludes that the initial seizure and subsequent search of the mailed packages were reasonable and proper under the Fourth Amendment.

### 2. Destruction of Drug Evidence

All narcotics seized in this case were destroyed prior to trial. "Failure to preserve material exculpatory evidence violates due process rights irrespective of whether the government acted in good or bad faith." U.S. v. McNealy, 625 F.3d 858 (5th Cir. 2010). But the "failure to preserve merely potentially useful evidence does not constitute a denial of due process absent a showing of bad faith." Id. Materially exculpatory evidence has been defined as "evidence that possesses an exculpatory value that was apparent before the evidence was destroyed" and that was "of such nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467

---

[2] Violations of Rule 41(f), which provides the procedures for executing and returning a warrant, "are essentially ministerial in nature and a motion to suppress should be granted only when the defendant demonstrates legal prejudice or that non-compliance with the rule was intentional or in bad faith." U.S. v. Neal, 182 F. App'x 366 (5th Cir. 2006) (unpublished); U.S. v. Marx, 635 F.2d 436, 441 (5th Cir. 1981).

U.S. 479, 489 (1984). Evidence is only material if there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." U.S. v. Moore, 452 F.3d 382, 387 (5th Cir. 2006). "If the record reveals that the chances are extremely low that preserved evidence would have been exculpatory, destruction of that evidence does not render a conviction or sentence fundamentally unfair." U.S. v. Webster, 750 F.2d 307, 333 (5th Cir. 1984) (internal quotations omitted).

Upon examination of the record, the Court determined that, had the cocaine hydrochloride been preserved, there was nothing to suggest that the narcotics would have been exculpatory in this case. The substance recovered from each package was sent to the laboratory and tested by an analyst, who identified the substance as cocaine hydrochloride. The cocaine bundles were also photographed before being sent to the lab for testing, and the chain of custody of the drug evidence was established through witness testimony. While the testimony at trial revealed some minimal discrepancies in the recorded weight of the drugs seized, there was no evidence to suggest that the substance was anything other than cocaine hydrochloride. And to the defense's argument that the drug evidence may have been potentially useful, testimony by the agents involved in the drug's destruction indicated that the cocaine was destroyed pursuant to an internal order or

7

procedure. See U.S. v. Gibson, 963 F.2d 708 (5th Cir. 1992) ("the defendant must show bad faith on the part of the government officials"); U.S. v. Stamps, 9 F. 3d 1547 (5th Cir. 1993) ("the fact that evidence is accidentally lost or destroyed does not constitute a due process violation"); Webster, 750 F.2d 307 (5th Cir. 1992) (noting that destruction of marijuana was not in bad faith but based on DEA procedures). Moreover, the Court instructed the jury that an adverse inference could be drawn against the government upon finding that the cocaine hydrochloride was destroyed in bad faith.

For these reasons, and those previously articulated on the record, the Court finds that the destruction of the cocaine hydrochloride provides an insufficient basis for entering a judgment of acquittal or granting a new trial.

### 3. Evidence Recovered pursuant to Warrant in California and Mississippi

During the course of the investigation, agents executed various search warrants in California and Mississippi and discovered a number of items associated with narcotics trafficking. In California, multiple locations were identified as being owned and used by Jones. While searching these locations, officers recovered, among other items, UPS and United States Postal Service envelopes containing U.S. currency, a money counter, identification cards and papers containing the name and photo of

the defendant, and 10 bundles of cocaine hydrochloride. Jones' fingerprints were found on envelopes recovered during the California search, and other envelopes recovered were labeled with the same address information as the packages Jones mailed from the post office in Los Angeles.[3] In Mississippi, officers recovered money bands, scales, and a property bag belonging to Derrick Beals, an individual identified in connection with the narcotics scheme.[4] Six red speaker boxes, which were identical to red speaker boxes found within the two packages mailed by Jones, were also recovered at the Mississippi apartment. In admitting this evidence, the Court provided the jury with a Rule 404(b) instruction.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b). Yet, evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. As a threshold inquiry, the Court must determine whether sufficient evidence exists to allow a reasonable jury to find that the defendant committed the other acts. U.S. v. Gonzalez-Lira, 936

---

[3] Some envelopes contained the "YMI, Inc." sender's address, and others reflected a sender's address located in Jackson, Mississippi.
[4] After searching the packages mailed by Jones, officers conducted a controlled delivery of the parcel destined for Flowood, Mississippi. Derrick Beals was arrested after picking up the parcel.

9

F.2d 184, 190 (5th Cir. 1991). Other acts evidence is admissible under Rule 404(b) if (1) the evidence is "relevant to an issue other than the defendant's character, and (2) the probative value of the evidence is "not substantially outweighed by its undue prejudice." U.S. v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978).

The Court found a sufficient nexus linking Jones to the evidence recovered from the California and Mississippi addresses, such that a reasonable juror could find that Jones was involved in acts associated with the narcotics evidence. Furthermore, the evidence was relevant to the issue of intent, and the Court concluded that its strong probative value was not substantially outweighed by the potential for undue prejudice. For these same reasons, the Court remains unpersuaded that admission of the evidence recovered pursuant to warrant in California or Mississippi was in error.

### 4. Jury Instructions

At trial, Jones objected to testimony given by agent Robert Kay regarding statements made to him by Pedro Phillips, an individual allegedly connected with the narcotics conspiracy. The Court sustained the objection and recited a cautionary instruction to the jury regarding the testimony. Jones now contends that the jury was improperly instructed on this issue. In conclusory

10

fashion, Jones also claims that the Court erred by omitting certain instructions relating to possession and character evidence.[5]

Because district courts enjoy substantial latitude in crafting jury instructions, the Court "may properly decline to give a requested instruction which incorrectly states the law, is without foundation in the evidence, or is stated elsewhere in the instructions." U.S. v. Neal, 951 F.2d 630, 633 (5th Cir. 1992); Kanida v. Gulf Coast Med. Pers. LP, 363 F.3d 568, 578 (5th Cir. 2004). As Jones has failed to demonstrate that the Court's evidentiary rulings at trial were erroneous or that the jury was improperly instructed on these issues, the Court considers the defendant's claims to be without merit.

To support a conviction under count one of the indictment, the government was required to prove: (1) that two or more persons reached an agreement to possess with intent to distribute cocaine hydrochloride; (2) that the defendant knew of the unlawful purpose of the agreement; (3) that the defendant joined in the agreement willfully, or with the intent to further its unlawful purpose; and (4) that the overall scope of the conspiracy involved at least five kilograms of cocaine hydrochloride. See 21 U.S.C. §§ 846,

---

[5] In his motion for new trial, Jones also asserts that the Government presented "several pieces of evidence" during its cross-examination of the defendant that were not previously disclosed in the prosecution's exhibit list. See Doc. 201, ¶ 5. The defendant appears to raise this issue for the first time in his motion, and he fails to identify which "pieces of evidence" pertain to this allegation. Thus the Court declines to speculate as to this assignment of error.

841. Count two required proof that the defendant (1) knowingly possessed (2) cocaine hydrochloride (3) with the intent to distribute. See U.S. v. Ramos-Cardenas, 524 F.3d 600, 605 (5th Cir. 2008). Having reviewed all of the evidence admitted at trial in the light most favorable to the prosecution, the Court concludes that the evidence presented was sufficient to allow a rational juror to find the essential elements of the charged offenses beyond a reasonable doubt. Furthermore, the Court is unpersuaded that the weight of the evidence "preponderates against the verdict," nor is the Court convinced that denial of a new trial will result in a "miscarriage of justice" in this case. Wall, 389 F.3d at 466. Accordingly, Jones' Renewed Motion for Judgment of Acquittal and Motion for New Trial shall be denied.

## B. Motion for Arresting Judgment

Federal Rule of Criminal Procedure 34 provides that the Court must arrest the judgment "if the court does not have jurisdiction over the charged offense." Fed. R. Crim. P. 34(a). In reviewing the motion, the Court looks to the "face of the record" without consideration as to the evidence adduced at trial. U.S. v. Sisson, 399 U.S. 267, 282 (1970); see Sutton v. U.S., 157 F.2d 661, 663 (5th Cir. 1946); U.S. v. Pavlenko, 2013 WL 1343533, *3 (S.D. Fla. April 2, 2013) (noting that Rule 34 motions are "rarely made, and it is even rarer that they are granted"). "The purpose of Rule 34 is to give the trial judge a chance to invalidate a judgment when

there is a fundamental error appearing on the face of the record," and the record is limited to "the indictment, the plea, the verdict and the sentence." U.S. v. Larry, 2014 WL 12683530, *1 (W.D. Wis. July 30, 2014); see also Sisson, 399 U.S. at 281 n.10.

Jones contends that the Court lacked jurisdiction in this matter because all acts relating to the case took place in California, and the defendant engaged in "no overt act, and indeed committed no offense in the Southern District of Mississippi." Doc. 202, ¶ 2. But Jones has not identified any fundamental error appearing on the face of the record in this case. Notwithstanding the rule which requires the Court to consider only the record, the evidence at trial showed that Jones shipped drugs to Mississippi, where they were discovered through the appropriate procedures. The Court has reviewed the record and finds no jurisdictional defect.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion for Judgment of Acquittal (docket entry 200) is DENIED;

FURTHER ORDERED that Defendant's Motion for New Trial (docket entry (docket entry 201) is DENIED;

FURTHER ORDERED that Defendant's Motion for Arresting Judgment (docket entry 202) is DENIED.

SO ORDERED AND ADJUDGED this the 15th day of May, 2017.

                                              /s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE