IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:09-cr-96-DCB-LRA-1

MARK RANDALL JONES

ORDER

This cause is before the Court on defendant Mark Randall Jones' Motion for New Trial (**docket entry 215**). Having carefully reviewed the motion and applicable statutory and case law, the Court finds and orders as follows:

I. Background

Following a three-day trial on March 29, 2017, Mark Randall Jones ("Jones") was found guilty of conspiracy to possess with intent to distribute more than five kilograms of cocaine hydrochloride and possession with intent to distribute more than 500 grams of cocaine hydrochloride. On April 10, 2017, Jones filed a motion for acquittal, motion for new trial, and motion for arresting judgment, followed by his Notice of Appeal. The Court entered an order denying Jones' post-trial motions on May 15, 2017. Jones' filed a second Motion for New Trial on August 28, 2017.

II. Discussion

Jones' second motion for new trial comes before the Court more than four months after the verdict was entered and notice of appeal filed in this case. Despite this procedural posture, the

1

defendant reduces his jurisdictional discussion to a single footnote, wherein he summarily asserts that his motion is properly before the Court as either a motion for new trial under Federal Rule of Criminal Procedure 33(b) or a motion for reconsideration of the Court's previous denial of the same. Nonetheless, the Court finds it necessary to address whether Jones' motion is properly before the court before delving into its merits.

Under Rule 33, motions for new trial "grounded on any reason other than newly discovered evidence must be filed 14 days after the verdict or finding of guilt." Fed. R. Crim. P. 33(b)(2). Jones' motion, which contains no reference to newly discovered evidence, was belatedly filed on August 28, 2017, more than four months after the verdict. Jones asserts that his motion is a timely motion for new trial under Rule 33(b) because the trial transcript and related materials were not available at the time his first motion for new trial was filed.[1] See Doc. 215, p. 1 n.2. Inasmuch as the defendant claims that the present motion should, in some way, supplement or relate back to the filing of his first motion for new trial, this argument is unpersuasive. Courts considering similar arguments have held that an untimely motion for new trial cannot relate back to, amend, or renew an original timely motion. See United States

---

[1] It is worth noting that Jones did not request additional time to file his motion for new trial within the time allowed by Rule 33, nor did he advise the Court of any plans to supplement his original motion after receiving a copy of the trial transcript.

v. Bramlett, 116 F.3d 1403, 1406 (11th Cir. 1997) (finding that a "renewed" motion for new trial filed beyond the requisite time period could not relate back to timely filed motion); United States v. Custodio, 141 F.3d 965, 966 (10th Cir. 1998) ("a defendant may not add new arguments in support of a motion for new trial by including them in an amendment filed after the time under Rule 33 has expired"); United States v. Camacho, 163 F. Supp. 2d 287, 294 (S.D.N.Y. 2001) (finding that defendants' motion could not be treated as a timely amendment or supplement to prior motion for new trial where the court already ruled on prior motion); see also United States. v. Elizondo, 277 F. Supp. 2d 691, 694 (S.D. Tex. 2002) (construing second motion for new trial filed after the court's disposition of the first as a motion for reconsideration). As the Court has already disposed of Jones' prior motion, the defendant's second motion for new trial is untimely.[2]

Because Jones' motion is untimely under Rule 33, it is more appropriately construed as a motion for reconsideration of the

---

[2] Though Rule 33's timeliness provisions have historically been considered jurisdictional in nature, the Supreme Court has more recently re-characterized these provisions as "inflexible, non-jurisdictional claim-processing rules." See Eberhart v. United States, 546 U.S. 12 (2005). The effect of this recharacterization is that a timeliness defense may be waived, if not raised, by the Government. Though district courts' authority to dismiss a motion for new trial based solely on its sua sponte determination of untimeliness remains to be seen in light of Eberhart, courts considering the issue have found that such authority continues post-Eberhart. See United States v. Bryant, 186 F. App'x 298, 299 (3rd Cir. 2006) (unpublished) ("we do not read Eberhart as precluding a court from applying this 'inflexible, claim-processing rule,' to determine sua sponte, that a motion is untimely"); United States v. Fields, 194 F. App'x 825 (11th Cir. 2006) (unpublished) (noting that "nothing in Eberhart precludes sua sponte determination of untimeliness by the district court").

3

denial of his first motion for new trial. Though the Federal Rules of Criminal Procedure are silent as to motions for reconsideration, "[t]he Supreme Court has repeatedly and expressly sanctioned the use of motions for reconsideration in criminal proceedings." United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982).[3] Motions for reconsideration of the denial of a motion for new trial are timely if filed within the period allotted for noticing an appeal. United States v. Harris, 2008 WL 783645, at *1 (S.D. Miss. Mar. 24, 2008); see also Cook, 670 F.2d at 48 (finding that an untimely motion for reconsideration was beyond the jurisdiction of the district court). Again, however, Jones' motion appears to be untimely as it falls beyond the permitted window for filing motions for reconsideration. See Fed. R. App. P. 4(b). Jones' motion was filed months after the verdict and judgment of conviction, and more than 14 days after the Court's order disposing of the first motion for new trial. What's more, Jones filed his notice of appeal in this matter on April 10, 2017, and that appeal remains pending. See United States v. Neuman, 2012 WL 2327929, at *3 (E.D. La. June 18, 2012) (denying defendant's motion for reconsideration filed

---

[3] However, the Court observes that "motions for reconsideration are not to be employed to allow a party to advance arguments that could have and should have been initially presented to the district court in a motion for new trial." United States v. Rodgers, 2010 WL 3540962, at *2 (S.D. Miss. Sept. 3, 2010); see also United States v. Bagcho, 227 F. Supp. 3d 28, 33 (D.D.C. 2017) ("defendants may not avoid the time limits of Rule 33 by presenting [new trial grounds] in the guise of an amendment or motion for reconsideration").

4

after notice of appeal for lack of jurisdiction). The defendant's motion is therefore improperly before the Court and is due to be denied on this basis.

Even if the Court had jurisdiction to consider Jones' motion as either a second motion for new trial or a motion for reconsideration, the Court finds the motion to be without merit. Rule 33 provides that the Court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The generally accepted standard within this Circuit is that "a new trial ordinarily should not be granted unless there would be a miscarriage of justice or the weight of the evidence preponderates against the verdict." United States v. Wright, 634 F.3d 770, 775 (5th Cir. 2011) (quoting United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004)). New trials are only granted "upon demonstration of adverse effects on substantial rights of a defendant." Wright, 634 F.3d at 775.

Expanding on arguments presented in his previously filed post-trial motions, Jones now claims, for the first time, that he is entitled to a new trial because the Government improperly argued to the jury that certain 404(b) evidence was sufficient to sustain a conviction against him. But the jury was instructed as to the limited purposes of Rule 404(b) evidence and was further advised that the questions, statements, objections, and arguments made by the lawyers were not to be construed as evidence and were not

5

binding upon them. Having reviewed the present motion and exhibits, and having reconsidered the defendant's prior motion in the context of Rule 33, the Court is unpersuaded that a new trial is warranted.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the defendant's Motion for New Trial (docket entry 215) is DENIED.

SO ORDERED, this the 25th day of September, 2017.

>               /s/ David Bramlette
>               UNITED STATES DISTRICT JUDGE