IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES OF AMERICA                                    PETITIONER

v.                              CRIMINAL NO.: 3:09-cr-00096-DCB-LGI

MARK RANDALL JONES                                          RESPONDENT

ORDER

BEFORE THE COURT is Petitioner Mark Randall Jones' ("Petitioner") Motion for Summary Judgment [ECF No. 281] ("Motion") regarding his Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 269]. Having carefully considered the petition, the Government's response, and being fully advised in the premises, the Court finds as follows:

I.  Background

In 2017, Defendant Mark Randall Jones went to trial and was found guilty in a two-count federal indictment charging conspiracy to possess with intent to distribute more than 5 kilograms of cocaine hydrochloride and possession with intent to distribute 500 grams or more of cocaine hydrochloride. [ECF No. 274].

The Fifth Circuit affirmed Jones' conviction and sentence in 2020. Id. On April 22, 2022, Jones filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [ECF No.

1

269] and Memorandum in Support [ECF No. 270]. The Government filed two motions in response: (1) Motion for Affidavits from Petitioner's Counsel [ECF No. 272]; and (2) Motion to Extend Time to File Response [ECF No. 273].

This Court granted both of the Government's motions. [ECF No. 274]. In that Order, this Court provided 30 days from June 9, 2022, for Petitioner's former counsel to submit affidavits. This Court set the response deadline for the Government within 30 days after the last affidavit is filed. Id. Petitioner would then have 30 days to reply.

An affidavit from each of Petitioner's nine former counsel was requested. Id. So far, only six have been received. Id. As a result, the Government has not yet responded to Petitioner's Motion.

On September 7, 2022, Petitioner filed this Motion, asserting that he is entitled to summary judgment in his Motion to Vacate on the grounds that the Government has failed to respond within the time ordered by the Court. [ECF No. 281].

Petitioner misstates this Court's earlier Order. Petitioner incorrectly asserts that the Court "oredred [sic] that the government shall respond to Movant's 2255 Motion with a filing of it's [sic] response within 30 days after July 9, 2022, or 30 days after the last attorney has filed their affidavits,

2

whichever, comes first." This Court ordered that the Government shall file a response to Petitioner's Motion to Vacate within 30 days after the last affidavit is filed. [ECF No. 274].

II.  Standard

"Federal Rule of Civil Procedure 56 'applies to habeas proceedings.' " Brandt v. Gooding, No. 09-7907, 2011 WL 567469, at *6 (4th Cir.2011); see also United States v. Olis, No. H-07-3295, 2008 WL 5046342, at *3 (S.D.Tex. Nov. 21, 2008) (citing Rules 8(a) and 12 following Section 2255) ("Federal Rules of Civil Procedure, including Rule 56, are applicable to § 2255 motions.").

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

III. Discussion

Petitioner's argument fails, because it is premised on the fallacy that the Government failed to honor this Court's Order. [ECF No. 281]. This is incorrect, as the Government need not respond to Petitioner's Motion to Vacate until after each of Petitioner's previous counsel has submitted his or her affidavit. Summary judgment is not appropriate, as Petitioner has failed to demonstrate the absence of a genuine issue of material fact, and he is not entitled to judgment as a matter of law. Catrett, 477 U.S. at 325; Fed.R.Civ.P. 56(c).

Accordingly, this Court hereby DENIES the Petitioner's Motion for Summary Judgment. [ECF No. 281].

SO ORDERED this 13th day of September, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE