IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                             CRIMINAL NO.: 3:09-cr-00096-DCB-LGI

MARK RANDALL JONES

ORDER

BEFORE THE COURT is Petitioner Mark Randall Jones' ("Petitioner") Motion to Strike [ECF No. 286] ("Motion") regarding his Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 269]. Having carefully considered the petition, the parties' submissions, and being fully advised in the premises, the Court finds as follows:

On April 22, 2022, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 269], alleging ineffective assistance of counsel, with regard to his former trial and appellate counsel, the Honorable S. Dennis Joiner, Julie A Epps, Lawrence M. Coco, III, Matthew A. Baldridge, Sibyl C. Byrd, Andrew W. Alderman, Sanford E. Knott, Matthew M. Robinson and Suzanna Kostovski. To respond to the allegations, the Government moved for affidavits from his former trial and appellant counsel in order to respond to the allegations [ECF No. 272] and, simultaneously, requested additional time to file a response [ECF No. 273]. On June 9,

2022, the Court granted the Government's motions, directing the Government to file its response within 30-days after the last affidavit is filed. [ECF No. 274].

Affidavits were due on July 11, 2022. Id. By that time, only Matthew Robinson and Sanford Knott had electronically filed affidavits. [ECF No. 275]; [ECF No. 276]. Since that time, Julie Epps, Lawrence Coco, Matt Baldridge, Andrew Alderman, and Susan Kostovski have electronically filed affidavits. This Court has not yet received affidavits from Sibyl Byrd or Dennis Joiner.

Although Coco's affidavit was filed electronically on August 12, 2022, he initially provided the affidavit to this Court on June 21, 2022, well within the deadline. [ECF No. 288].

Because Petitioner has alleged ineffective assistance by his trial and appellate attorneys, without specificity, this Court need rely on affidavits from as many of Petitioner's former counsel as is possible to properly rule on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 269]. To strike tardy affidavits in this instance would deny the Court the ability to adequately adjudicate Petitioner's Motion to Vacate.

Petitioner also filed a response to Matthew Robinson's affidavit, in which Petitioner requested that this Court recognize the affiant's ineffectiveness. [ECF No. 287] at 2. This response, essentially serving as a reply prior to the

2

Government filing its response to Petitioner's Motion to Vacate is premature. The Court will rule on Petitioner's Motion to Vacate once it is fully briefed and not before that time. Having since received the Government's response [ECF No. 291], this Court now awaits Petitioner's reply.

Accordingly, Petitioner's Motion to Strike [ECF No. 286] is DENIED.

SO ORDERED, this the 26th day of October, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE